UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY MCGOWAN,

        Petitioner,        Case Number: 13-12636
                                          HONORABLE AVERN COHN

v.

LLOYD RAPELJE,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE (Doc. 11) AND ADMINISTRATIVELY CLOSING CASE

**I.**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Bobby McGowan (Petitioner) is confined at the Saginaw Correctional Facility in Freeland, Michigan. He challenges his convictions for first-degree premeditated murder, assault with intent to murder, felon in possession of a firearm, and three counts of possession of a firearm during the commission of a felony. Before the Court is Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance. (Doc. 11). For the reasons that follow, the motion will be granted.

**II.**

A jury in Oakland County Circuit Court convicted Petitioner of first-degree premeditated murder, assault with intent to murder, and two counts of possession of a firearm during the commission of a felony. Before trial, Petitioner pleaded guilty to felon in possession of a firearm and one count of possession of a firearm during the commission of a felony. On February 4, 2011, he was sentenced to life imprisonment

for the murder conviction, 40 to 60 years' imprisonment for the assault with intent to murder conviction, 5 to 10 years' imprisonment for the felon in possession conviction, and two years' imprisonment for each felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising several ineffective assistance of counsel claims. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. People v. McGowan, No. 302502, 2012 WL 676382 (Mich. Ct. App. March 1, 2012). The Michigan Supreme Court denied Petitioner's application for leave to appeal. People v. McGowan, 492 Mich. 857 (Mich. July 24, 2012).

Petitioner then filed the pending habeas corpus petition. He raises this claim:

Defendant was denied his Federal Constitutional right to the effective assistance of counsel.

A. Defendant McGowan's attorney portrayed the events which culminated in the shooting as gang-related, unnecessarily providing a motive for the shootings which did not exist in the testimony and evidence actually presented, and aiding the prosecution.

B. Defendant's counsel failed to request that certain exculpatory or res gestae witnesses testify causing error.

Respondent filed a response (Doc. 9), contending that the claim lacks merit. Petitioner then filed the instant motion to hold the petition in abeyance so he may exhaust additional claims.

### III.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner asks for a stay so that he may return to state court to

exhaust these additional unexhausted claims: prosecutorial misconduct, and ineffective assistance of trial and appellate counsel.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

Here, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this Court due to the expiration of the statute of limitations. See 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time barred by the one-year statute of limitations. See Hargrove v. Brigano, 300 F.3d 717, 720-21 (6th Cir. 2002).

The Supreme Court did not define "good cause" in Rhines, nor has the Sixth Circuit Court of Appeals done so. See Bates v. Knab, 2011 WL 2785244, *5 (S.D. Ohio July 15, 2011), citing Hnatiuk v. Trombley, 2008 WL 3305157 (E.D. Mich. Aug. 11, 2008). A number of federal courts have concluded that the Rhines good cause requirement is less stringent than the good cause showing required in the context of procedural default. See Lockridge v. Ludwick, 2009 WL 5217592, *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under Rhines is something less than the cause needed to excuse a procedural default"); Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (on remand, applying a more expansive definition of "good cause" than

3

the showing needed for cause to excuse a procedural default); Jackson v. Roe, 425 F.3d 654, 662 (9th Cir. 2005) (holding that "good cause" standard prescribed in Rhines does not require a showing of "extraordinary circumstances").

Petitioner argues that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his or her own ineffective assistance on appeal. Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000). Thus, Petitioner has asserted good cause for failing previously to present his claims in state court. In addition, Petitioner's claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. See Rhines, 544 U.S. at 277-78. Therefore, a stay is appropriate.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. To ensure that Petitioner does not delay in exhausting state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. See id. Further, he must file an amended petition and ask this Court to lift the stay within sixty days of exhausting his state court remedies. See id. "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." Id. at 781 (internal quotation omitted).

4

**IV.**

Accordingly, Petitioner's Motion to Hold Habeas Petition in Abeyance is GRANTED. The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. The stay is conditioned upon Petitioner filing a motion to lift the stay and an amended petition in this Court within sixty days (60) after the conclusion of the state court proceedings.

To avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 20, 2014
      Detroit, Michigan

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 20, 2014, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160